UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|    MELISSA D. JONES ) | Case No. 06-10025-SSM |
| ) | Chapter 7 |
|         Debtor ) | |
| ) | |
| MELISSA D. JONES ) | |
| ) | |
|         Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 06-1192 |
| ) | |
| SYNERGY ONE FEDERAL CREDIT ) | |
| UNION ) | |
| ) | |
|         Defendant ) | |

**MEMORANDUM OPINION**

Before the court is the motion of the plaintiff, Melissa Jones, for an award of $5,040.00 in attorneys fees against the defendant, Synergy One Federal Credit Union ("Synergy One"). This is an action by a chapter 7 debtor to enforce the discharge injunction and—because Synergy One controverted the issue in its answer—to determine whether her debt to Synergy One had been discharged. After discovery, summary judgment was entered determining that the debt had been discharged, and the plaintiff abandoned her claim that the discharge injunction had been violated. The question before the court, therefore, is whether there is a legal basis for an award of attorneys fees, and, if so, the proper amount of the award. For the reasons stated, the court will award the plaintiff $930.00 in attorney's fees.

<u>Background</u>

Melissa Jones ("the debtor") filed a voluntary petition in this court on January 19, 2006, for relief under chapter 7 of the Bankruptcy Code. Among the debts listed on her schedules was $6,837 owed to Synergy One. Synergy One was mailed notice of the commencement of the case and of the debtor's discharge, which she received on April 24, 2006. The trustee having filed a report of no distribution in the interim, the case was closed on April 28, 2006.

On November 15, 2006, the debtor filed a motion to reopen the case in order to bring an adversary proceeding against Synergy One for violation of the discharge injunction by reporting the discharged debt to one of the three major credit reporting agencies, Experian, as "Open/Past Due 90 days" with a balance of $6,837. Synergy One was served with the motion to reopen but did not file a response, and the case was reopened on December 6, 2006. The present adversary proceeding was filed on December 18, 2006. As originally filed, the complaint sought a finding of contempt against Synergy One for violation of the discharge injunction, an injunction requiring Synergy One to report to all credit reporting agencies that the debt had been discharged in bankruptcy, an injunction prohibiting it from reporting the debt as due and owing, and an award of attorneys fees and costs. Synergy One filed an answer which admitted and denied, by paragraph number, the allegations of the complaint. Among the paragraphs for which Synergy One asserted that it "[did] not have sufficient knowledge to admit or deny"—and therefore <u>denied</u> the allegation and demanded "strict proof"—was paragraph 21, which alleged that the debt shown on the credit report "was dischargeable in the bankruptcy proceedings and in fact has been discharged."

Approximately four weeks after the answer was served, the debtor filed a motion to amend the complaint to include a claim for declaratory relief that the debt was dischargeable and had been discharged.  No response was filed to the motion, and an order granting the motion to amend was entered following a hearing on March 27, 2007, at which counsel for Synergy One did not appear.  The amended complaint was filed and served on Synergy One's attorney, who did not file an answer.  The debtor then brought a motion for summary judgment on the claim for declaratory relief.  No response was filed to the motion, and at a hearing on May 15, 2007, counsel for Synergy One appeared and conceded that the debt had been discharged.  An order was entered the following day granting the motion for summary judgment and declaring that the debtor's liability to Synergy One had been discharged.

The debtor—who by that point had taken discovery, including a partial deposition of Synergy One's representative—then decided not to prosecute the original claim for violation of the discharge injunction, based (according to the debtor's attorney) on a ruling by this court in another case[1] and on the fact that, subsequent to the reopening of the case, the credit report had been amended to reflect Synergy One's claim as having been discharged in bankruptcy with a zero balance.  The debtor's attorney then filed a "bill of costs," supporting affidavit, and memorandum seeking an award of attorneys fees in the amount of $5,040.00.  The time entries submitted in support of the request cover the period from July 19, 2006, through May 23, 2007, and reflect 12.43 hours of attorney time billed at $300.00 per hour

---

[1] *In re William Powell Jones*, No. 01-80412-SSM, 2007 WL 1160420 (Bankr. E.D. Va., April 17, 2007).

and 17.46 hours of paralegal time billed at $75.00 per hour.  Broken down by the significant events in this case, the billings are as follows:

| Dates | Activity | Billings |
|---|---|---|
| 7/19/06 - 12/6/06 | Review and dispute credit reports; prepare motion to reopen | $835.00 |
| 12/14/06 - 2/22/07 | Prepare, file, and serve complaint; review answer | $398.75 |
| 2/28/07 - 3/8/07 | Prepare and file motion to amend complaint | $303.75 |
| 3/13/07 - 3/27/07 | Prepare discovery and review updated credit reports; argue motion to amend. | $591.25 |
| 3/27/07 - 3/31/07 | Prepare and file amended complaint | $320.00 |
| 4/2/07 - 4/30/07 | Prepare and respond to discovery; take partial deposition; review William Powell Jones decision | $2,071.25 |
| 4/30/07 - 5/23/07 | Prepare and argue motion for summary judgment | $520.00 |

Discussion

A.

Other than asserting that the debtor has substantially prevailed in this litigation, debtor's counsel has not articulated a specific legal basis for an award of counsel fees.  That failing is significant, because in the United States a party who prevails in litigation is ordinarily not entitled to collect its attorney's fee from the loser.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975).  This principle—which is commonly referred to as the "American Rule" to distinguish it from English practice—has prevailed since the early days of the republic.  *Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306, 1 L. Ed. 613 (1796) (overturning the inclusion of attorneys' fees as

damages on the ground that "[t]he general practice of the United States is in opposition to it; and even if that practice were not strictly correct in principle, it is entitled to the respect of the court, till it is changed, or modified, by statute."). Recognized exceptions to this rule include suits brought on contracts that provide for the recovery of legal fees, and suits in which the statute creating the cause of action specifically allows for the recovery of a reasonable attorney's fee. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 1406-07, 18 L.Ed.2d 475 (1967); *see, e.g., Loggerhead Turtle v. County Council of Volusia County*, 307 F.3d 1318, 1323 n.4 (11 Cir. 2002) (listing several statutes that create fee-shifting provisions as exceptions to the American Rule). Additionally, the Supreme Court has recognized the historic power of equity to permit an award in various circumstances, including when "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Aleyaska Pipeline*, 421 U.S. at 258-59, 95 S.Ct. at 1622 (quoting *F.D. Rich Co., v. United States ex rel. Indus. Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)).

Accordingly, there is no general right, in the context of litigation to determine the dischargeability of a debt, for the prevailing party to recover attorney's fees. A specific statutory exception exists if a <u>creditor</u> requests a determination that a debt is non-dischargeable under § 523(a)(2), Bankruptcy Code—which applies to debts arising from false pretenses, false representations, or actual fraud—and the debt is ultimately determined to be discharged. § 523(d), Bankruptcy Code. Since Synergy One did not take the position in this case that its claim was non-dischargeable under § 523(a)(2), there is no basis for an award of counsel fees simply because the debtor prevailed on the dischargeability issue.

B.

With respect to the claim that Synergy One violated the discharge injunction, a different analysis applies. The discharge of a debt in bankruptcy operates as an injunction against, among other activities, any "act . . . to collect, recover or offset any such debt as a personal liability of the debtor[.]" § 524(a)(2), Bankruptcy Code. While there is no personal right of action for violation of the discharge injunction, a bankruptcy court may address a violation under its civil contempt powers, and sanctions may be awarded that compensate the debtor for the violation. *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000). Compensatory sanctions may include not only actual damages caused by the violation, but also the fees reasonably incurred in hiring counsel to bring the violation before the court. *Cherry*, 247 B.R. at 189 & n.22.

The problem here is that the court has not made a finding of civil contempt. The debtor says that the lack of a contempt finding should not matter, because as a practical matter she obtained the relief she sought when the credit report was corrected. The court cannot agree. A creditor's voluntary correction of a discharge violation after a debtor has suffered damages or incurred counsel fees to redress the violation would not immunize a creditor from a finding of civil contempt and from an award of compensatory sanctions. But a voluntary correction, depending on the circumstances, might negate the element of willfulness needed to establish a violation. Without having heard the evidence, the court is unwilling to assume that Synergy One reported the debt as a charge off in order to pressure the debtor into paying it, particularly in light of authority in this district that the negligent or unintentional reporting of a discharged debt as charged off does not violate the discharge

injunction.  *See In re Helmes,* 336 B.R. 105 (Bankr. E.D. Va. 2005) (Mayer, J.) (dismissing complaint for violation of discharge injunction because evidence showed that creditor's reporting of a discharged debt as past due was a mistake rather than an intentional act to collect a debt).  In the absence of evidence establishing a willful violation, there is no basis for a compensatory award of attorney's fees.

C.

As the Supreme Court has recognized, courts do have equitable power to award attorney's fees to a party when the opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  *Aleyaska Pipeline*, 421 U.S. at 258-59, 95 S.Ct. at 1622  This inherent power is supplemented in bankruptcy cases by Rule 9011, Federal Rules of Bankruptcy Procedure, which allows the court, either on motion of a party or on its own motion, to impose sanctions that can include the moving party's attorney's fees if the other party asserts an unsupported or unjustified legal or factual position.  Fed. R. Bankr. P. 9011(b) & (c)(2).  Where sanctions are requested by a party, however, a safe harbor rule applies.  Fed. R. Bankr. P. 9011(c)(1)(A).  That is, before the motion for sanctions can be filed with the court, it must first be served on the opposing party.  *Id.*  The opposing party then has 21 days in which to withdraw or correct the challenged paper, claim, defense, contentions, allegation, or denial.  *Id.*  Only if the party fails to do so can the motion then be brought before the court.  *Id.*  Because the debtor did not follow this procedure, Rule 9011 does not permit the court to award attorney's fees based on the debtor's motion.

It is true that the safe harbor rule does not apply when the court, rather than a party, raises the issue of a Rule 9011 violation.  Fed. R. Bankr. P. 9011(c)(1)(B).  And, indeed, the

court might well have done so here.  At the final pretrial conference, where the court heard argument on the request for attorney's fees, Synergy One's attorney represented that the inclusion of paragraph 21 in the list of paragraphs of the complaint that were denied was an error, and he stated that if the debtor's attorney had simply telephoned and asked, "Are you really denying that the debt has been discharged?", he would have amended the answer.  Counsel's actual conduct, however, belies this assertion.  The filing of the motion to amend the complaint, which specifically addressed Synergy One's denial that the debt had been discharged, plainly alerted Synergy One to the issue and was at least the equivalent of the telephone call that Synergy One's lawyer says would have been sufficient to resolve the issue.  Instead, Synergy One made no response to the motion and put the debtor to the entirely unnecessary expense of a court appearance on March 27, 2007, to obtain entry of an order allowing the debtor to file an amended complaint to include a complaint for declaratory relief that the debt had been discharged.  The debtor was then put to the additional unnecessary expense not only of actually preparing, filing and serving the amended complaint, but then, when Synergy One failed to answer it, of preparing, filing, and serving a motion for summary judgment.  Synergy One filed no response to the summary judgment motion and, instead of offering to endorse an order granting the motion (which would have saved the expense of a court appearance), simply showed up at the hearing and conceded, finally, that the debt had been discharged.  Thus, it seems clear, notwithstanding the protestation of Synergy One's attorney that the original denial was simply a typographical error, that the debtor was put to the entirely unjustified expense of having to obtain a court order when Synergy One could simply have picked up the phone

once it received the motion to amend the complaint, acknowledged the mistake, and offered to file an amended answer admitting that the debt had been discharged. The failure of Synergy One's attorney to do so is inexplicable and fails to comport with the standard of professionalism that this court has a right to expect. The question remains, however, whether it is appropriate, when a court has not <u>first</u> acted on its own initiative, to allow an end run around the safe harbor restriction that applies to Rule 9011 motions by a party by simply treating the party's motion as the court's. For a court to do so routinely would certainly stretch the ordinary understanding of what it means for a court to act on its "own initiative." Although there may be exceptional circumstances in which a court might properly choose to treat a Rule 9011 motion as the court's rather than a party's, the court is not inclined to do so in a case, such as this, in which it is not clear that the court would have acted without prompting.

That said, the question nevertheless remains whether Rule 9011 limits the court's inherent equitable power to award attorneys fees where one party has unjustifiably put another party to unnecessary expense. The court concludes that it does not, and that, moreover, the circumstances of this case strongly support an award of reasonable attorneys fees to compensate the debtor for having to come to court on the motion to amend, to prepare and file the amended complaint, to prepare and file the motion for summary judgment, and to appear in court on the motion for summary judgment. Based on the time records, 2.43 hours of attorney time and 2.67 hours of paralegal time were devoted to those

tasks.[2] The rates of $300.00 per hour for attorney time and $75.00 per hour for paralegal time are reasonable given the nature of the litigation and the experience of the attorney. Accordingly, the court will award the debtor $930.00 for the legal fees she incurred in having to litigate an issue that was never in genuine dispute.

      A separate order will be entered consistent with this opinion.

Date: _____           _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Robert R. Weed, Esquire
Law Offices Of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109
Counsel for the plaintiff

Stephen K. Christenson, Esquire
Stephen K. Christenson P C
4015 Chain Bridge Road
Fairfax, VA 22030
Counsel for the defendant

---

[2] Although Synergy One has disputed the debtor's entitlement to attorney's fees, it has not disputed the time records themselves.